UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOUSSA DIA,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

______________________________/

Case No. 1:26-cv-2926

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.2, 8.) In an order entered on October 15, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 6.) Respondent filed his response on October 20, 2026. (Resp., ECF No. 7).

## II. Factual Background

This is Petitioner's fifth habeas petition. This Court has previously described the facts leading up to Petitioner's fourth habeas petition:

> Petitioner is a citizen of Senegal who entered the United States in 2023. Op., *Dia v. Raycraft et al. (Dia I)*, No. 1:26-cv-151, (W.D. Mich. Jan. 30, 2026), (ECF No. 6). On December 24, 2025, Petitioner was arrested by ICE. *Id.* This is Petitioner's fourth habeas petition. On January 15, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Dia I*, No. 1:26-cv-151 (W.D. Mich.). In *Dia I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Dia I*, No. 1:26-cv-151 (W.D. Mich. Jan. 30, 2026), (ECF Nos. 6, 7). Petitioner received a bond hearing on February 5, 2026, pursuant to § 1226(a). On March 2, 2026, Petitioner filed a second § 2241 petition in *Dia v. Raycraft et al. (Dia II)*, No. 1:26-cv-692, (W.D. Mich.), (ECF No. 1), arguing that the burden of proof at the bond hearing was improperly placed on Petitioner, rather than the government. The Court issued an opinion and judgment conditionally granting Petitioner's habeas petition and ordered Respondents to provide Petitioner with a bond hearing where the government had the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. Op. & J., *Dia II*, No. 1:26-cv-692, (W.D. Mich. Mar. 18, 2026), (ECF Nos. 8, 9).
>
> On March 24, 2026, Petitioner received a bond hearing where Petitioner was denied bond. (Resp., ECF No. 7, PageID.25.) Following the hearing, Petitioner filed motion to enforce the judgment in *Dia II*, No. 1:26-cv-692, (W.D. Mich. March 24, 2026), (ECF No. 10), and a third habeas petition in *Dia v. Raycraft (Dia III)*, No. 1:26-cv-963, (W.D. Mich.), (ECF No. 1), and in both, argued that the notice for the bond hearing failed to comply with the Court's order because it had the wrong date of the bond hearing. Therefore, the Court issued an order granting Petitioner's motion to enforce the judgment in *Dia II*, ordering a new bond hearing where Respondents were required to provide adequate notice to Petitioner, Order, *Dia II*, No. 1:26-cv-692 (W.D. Mich. May 8, 2026), (ECF No. 13), and dismissed Petitioner's third habeas petition in *Dia III* without prejudice as moot, Op. & J., *Dia III*, No. 1:26-cv-963 (W.D. Mich. May 14, 2026), (ECF Nos. 9, 10).

Op., *Dia v. Raycraft et al. (Dia IV)*, No. 1:26-cv-2553 (W.D. Mich. Sep. 29, 2026), (ECF No. 9).

On May 14, 2026, Petitioner received a bond hearing where Petitioner was denied bond. *Id.* On September 11, 2026, Petitioner filed a fourth § 2241 petition in *Dia IV*, No. 1:26-cv-2553, (W.D. Mich.), (ECF No. 1), arguing that the Immigration Judge failed to require the government

to demonstrate dangerousness or flight risk by clear and convincing evidence. *Id.* The Court issued an opinion and judgment denying without prejudice Petitioner's fourth habeas petition as there was no indication in the record that the Immigration Judge applied an unconstitutional burden of proof. J., *Dia IV*, No. 1:26-cv-2553 (W.D. Mich. Sep. 29, 2026), (ECF No. 10).

On October 13, 2026, Petitioner filed the present § 2241 petition, again challenging the May 14, 2026, bond hearing. (ECF No. 1.)

**III. Analysis**

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on May 14, 2026. The Detroit Immigration Court denied Petitioner's request for a bond after finding Petitioner to be a flight risk. *See* Op., *Dia IV*, No. 1:26-cv-2553 (W.D. Mich. Sep. 29, 2026), (ECF No. 9). In this § 2241 petition, Petitioner challenges the factual findings of the Detroit Immigration Court as related to the denial of his bond, arguing that "[Petitioner does not] believe in any way that [he] is a flight risk or danger to the community. . . ." (Pet., ECF No. 1, PageID.8.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 7, PageID.21–25.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised

on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the Immigration Judge's factual determinations in the bond decision. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment.[1] Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. There is no indication in the record before this Court that Petitioner appealed the Detroit Immigration Court's denial of bond to the BIA. In fact, Petition failed to file the appeal by the June 15, 2026 deadline. (Resp., ECF No. 7, PageID.22.) Therefore, Petitioner has not exhausted his

[1] To the extent that Petitioner claims that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, this Court already determined that there was no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing, and Petitioner has not supplied any new information to question the Court's previous opinion and judgment. *See* Op. & J., *Dia IV*, No. 1:26-cv-2553 (W.D. Mich. Sep. 29, 2026), (ECF Nos. 9, 10).

administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.[2]

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 27, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[2] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances pursuant to 8 C.F.R. § 1003.19(e). *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026).